THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LESLIE Y. GORDON,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C12-0205-JCC

ORDER

The Court, having reviewed Petitioner's motion pursuant to 28 U.S.C. § 2255 (Dkt. No. 1), the Report and Recommendation of U.S. Magistrate Judge Brian A. Tsuchida (Dkt. No. 5), Plaintiff's objections (Dkt. No. 8), and the remaining record, hereby adopts the Report and Recommendation.

## I.  BACKGROUND

On August 20, 2009, this Court sentenced Ms. Gordon to 60 months imprisonment and five years of supervised release. One year and five months later, on January 20, 2011, Ms. Gordon filed a motion requesting an extension of time to file a motion under § 2255. The motion alleged that her trial counsel had provided ineffective assistance. The Court denied the motion because Ms. Gordon had not actually filed a § 2255 motion, and the Court lacked jurisdiction to consider the timeliness of a prospective motion. Nearly a year later, on February 6, 2012, Ms. Gordon filed the present § 2255 motion, which raises the same ineffective assistance claims she

presented in her January 11, 2011 motion.

Magistrate Judge Tsuchida recommends that the § 2255 motion be denied because it is time-barred and equitable tolling is not warranted. Petitioner timely filed objections to the Report and Recommendation.

## II. DISCUSSION

Motions to vacate, set aside, or correct a sentence pursuant to § 2255 must be filed within one year of the later of: (1) the date the judgment of conviction becomes final; (2) the date a government-created impediment to filing is removed; (3) the date the right asserted is initially recognized; or (4) the date the facts supporting the claims become discoverable. *See* 28 U.S.C. § 2255(f). Judge Tsuchida determined that Ms. Gordon's judgment became final no later than November 30, 2009—the date by which a petition for a writ of certiorari to the United States Supreme Court had to be filed. (Dkt. No. 5 at 3.) Given that the instant motion was not filed until February 6, 2012, Judge Tsuchida concluded that the statute of limitations had long expired, and that Ms. Gordon had advanced no valid basis for equitable tolling. He therefore recommended that the action be dismissed with prejudice.

Ms. Gordon submitted objections to the Report and Recommendation, but they address only the law governing claims of ineffective assistance of counsel. Nowhere in her objections does Ms. Gordon address the basis for Judge Tsuchida's recommendation that her motion be dismissed: that the motion is time-barred and that the circumstances do not justify equitable tolling. Because Ms. Gordon does not contest that her § 2255 motion is untimely, and because she has failed to show either diligence or extraordinary circumstances to support equitable tolling, the Court agrees with Judge Tsuchida that the motion must be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation. (Dkt. No. 5.) Petitioner's § 2255 motion is DENIED and this case is DISMISSED with prejudice. Petitioner is DENIED issuance of a certificate of appealability. The Clerk shall send copies of

1. this Order to the parties and to Judge Tsuchida.

2. DATED this 7th day of June 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3